UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUIVANDER CASTAIN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-CV-00025 G(1) |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| DESHANTRELL YARBER, ) | |
| ) | |
|     Defendant. ) | |

**FEDERAL DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

**NOW INTO COURT,** through the undersigned Assistant United States Attorney, comes Defendant, the United States of America, and answers Plaintiff's, Quivander Castain, Complaint as follows.

Defendant denies any and all allegations of Plaintiff's Complaint, whether express or implied, that are not specifically admitted, qualified or denied by this Answer.

1.

a. The United States admits it is the Defendant.

b. The United States denies that Deshantrell Yarber is a proper party defendant in this action. The United States avers Ms. Yarber was within the course and scope of her federal employment when the subject incident occurred and, therefore, the only proper party defendant is the United States of America, 28 U.S.C. §2679.

2.

The allegations of paragraph 2 contain conclusions of law as to jurisdiction to which no response is required. To the extent a response is deemed required, the United

1

States admits only that Plaintiff brings this Complaint pursuant to the Federal Tort Claims Act.

3.

The United States denies negligence. The remaining allegations of paragraph 3 contain Plaintiff's characterization of this action to which no response is required. To the extent a response is deemed required, the United States admits only that Deshantrell Yarber was within the course and scope of her federal employment when the subject incident occurred. The remaining allegations are denied.

4.

The United States denies that Plaintiff submitted her claim to the Postal Service on March 14, 2021 but admits she presented her claim when it was received on March 23, 2021. The remaining allegations of this paragraph are conclusions of law to which no response is required.

5.

The United States admits that it had been more than six months without final action by the United States Postal Service when this Complaint was filed. The remaining allegations of this paragraph are conclusions of law to which no response is required.

6.

The allegations of paragraph 6 contain conclusions of law as to venue to which no response is required. The United States admits the incident at issue occurred in the Eastern District of Louisiana.

7.

Defendant is without sufficient information to admit or deny the make and model of the vehicle Plaintiff was operating but admits that on March 23, 2021, at approximately 11:14 a.m., Plaintiff was operating a delivery truck northbound on Providence Lane within Jefferson Parrish, State of Louisiana.

8.

Federal Defendant admits that at the same date and time, Deshantrell Yarber was operating United States Postal Service Long Life Vehicle also traveling northbound on Providence Lane within Jefferson Parrish, State of Louisiana. Defendant denies that Deshantrell Yarber is a proper party defendant in this action.

9.

The United States admits that Plaintiff brought her vehicle to a complete stop on Providence Lane. Defendant avers that Plaintiff stopped on the left side of the roadway in the southbound lane against the flow of traffic.

10.

Defendant denies the allegations of paragraph 10 but admits there was contact between the vehicles. Defendant avers that as Ms. Yander tried to proceed past the delivery truck operated by Plaintiff stopped against the flow of traffic and impeding northbound travel, the left mirror of the Postal Long Life Vehicle made contact with the rear passenger side of the vehicle operated by Plaintiff.

11.

Denied.

12.

Denied.

13.

The United States denies negligence but admits Ms. Yarber was within the course and scope of her federal employment when the subject incident occurred.

14.

Denied.

15.

Denied.

16.

Paragraph 16 contains a request for relief to which no response is required. To the extent a response is deemed required, the United States denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

17.

The final unnumbered paragraph following Paragraph 16 contains Plaintiff's requested relief to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any of the relief requested or any relief whatsoever. Defendant specifically denies that prejudgment interest can be awarded against the United States. Defendant denies Deshantrell Yarber is a proper party defendant.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief may be granted.
2. The United States denies any negligent acts or omissions by its employees.

3. The injuries or damages, or both, alleged in the Complaint were not proximately caused by a negligent act or omission of any employee of the United States acting within the course and scope of her federal employment.

4. The alleged injuries which Plaintiff avers are related to the alleged incident are the result of preexisting and/or subsequent physical and/or medical conditions and were not caused by any negligence of a federal employee acting within the course and scope of federal employment.

5. Any alleged injuries or damages Plaintiff has sustained were caused in whole or in part due to the negligent acts or omissions of Plaintiff or others whom the United States had no control, and thus the United States may be held liable only for its proportionate share of fault, if any. La Civ. Code Arts. 2323 and 2324.

6. The United States, through its agents, servants and employees, acted with due care and diligence at all times, and violated no legal duty owed to Plaintiff.

7. Plaintiff has failed to mitigate any alleged injuries and damages.

8. Plaintiff cannot recover punitive damages against the United States. 28 U.S.C. § 2674.

9. Any attorney's fees awarded must be deducted from any judgment or settlement and governed by statute. 28 U.S.C. § 2412.

10. The United States cannot be held liable for interest prior to judgment. 28 U.S.C. § 2674.

11. Plaintiff's claims for alleged damages are limited to damages recoverable under 28 U.S.C. § 2674 *et seq*.

12. Plaintiff may not recover any damages in excess of the amount of damages set forth in her administrative claim. 28 U.S.C. § 2675(b).

13. Plaintiff is not entitled to a trial by jury against Federal defendant under the FTCA. 28 U.S.C. § 2402.

14. The United States is entitled to credit or set-off as a result of its provision of services or payments of benefits or expenses to Plaintiff through an agency of the United States of America, including but not limited to Medicare, Medicaid and the Social Security Administration.

15. Plaintiff's recovery of any special damages is limited to those actually paid. *See*, *e.g., Bozeman v. Louisiana*, 879 So. 2d 692 (La. 2004) and *Hoffman v. 21st Century N. Am. Ins. Co.*, No. 2014-C-2279 (La. Oct. 2, 2015) (2015 WL 5776131).

16. The United States specifically preserves any and all other defenses, not currently known, which it has or through discovery it learns may be applicable.

17. The United States reserves the right to plead all other affirmative defenses or any other applicable state and federal statutes that may become applicable through the course of this litigation.

**WHEREFORE,** the United States respectfully requests that this Court deny all relief requested and dismiss the Complaint with prejudice.

    Respectfully submitted,

    DUANE EVANS
    UNITED STATES ATTORNEY

    */s/ Mary Katherine Kaufman*
    MARY KATHERINE KAUFMAN
    (#32719)
    Assistant United States Attorney
    650 Poydras Street, Suite 1600
    New Orleans, Louisiana 70130

Telephone: (504) 680-3008
Facsimile: (504) 680-3184
Mary.Katherine.Kaufman@usdoj.gov
*Counsel for the United States of America*